**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DENNIS PETERSON,

                                        Plaintiff,

              - v -                                              Civ. No. 1:14-CV-1190
                                                                        (GTS/RFT)

HOME DEPOT USA, INC.,

                                        Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                                **DECISION and ORDER**

        On June 20, 2013, Plaintiff initiated an action in New York State Supreme Court, Cattaraugus County.  Dkt. No. 1-1, Summons & Compl.  In the Complaint, Plaintiff alleges that on or about January 31, 2013, he was entering the Home Depot Store in the Town of Olean, County of Cattaraugus, when he slipped and fell in the parking lot and sustained injuries, and that such was caused by Defendant's negligence.  *Id.*  On September 30, 2013, the Defendant answered the Complaint.  *Id.*  On September 29, 2014, Defendant removed the case to the Northern District of New York.  Dkt. No. 1.

        Generally, and assuming that a district court has the requisite jurisdiction, a civil action brought in a state court "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Cattaraugus County is located in the Western District of New York, not the Northern District of New York.  *Id*. at § 112(d).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interests of justice, transfer such case to any district

. . . in which it could have been brought." 28 U.S.C. § 1406(a).[1]

Here, the parties have stipulated to transfer this action from the Northern District of New York to the Western District of New York.  Dkt. No. 7.  Accordingly, this matter should be transferred to the Western District of New York.  In transferring this action, the Court makes no ruling as to the validity of the removal, thereby leaving that determination to the Western District of New York.

**WHEREFORE**, it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 1406(a), this action be transferred to the United States District Court for the Western District of New York; and it is further

**ORDERED**, that the Clerk of the Court advise the Clerk of the Western District of New York of the entry of this Decision and Order and provide all information necessary for the Clerk of the Western District of New York to electronically access the documents filed in this action.  The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 83.6; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:   November 4, 2014
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge

---

[1] Even where venue is proper, a district court may *sua sponte* decide to transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought.  *See* 28 U.S.C. § 1404(a); *Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212 (S.D.N.Y. Aug. 16, 2002).

*-2-*